Filed 7/29/13  P. v. Hunter CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B243069 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA081402) |
| v. | |
| ADRIAN DEON HUNTER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teri Schwartz, Judge.  Affirmed.

Adrian Deon Hunter, in pro. per.; and Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Adrian Deon Hunter appeals from the judgment entered following his convictions after a jury trial on three counts of robbery with related firearm-use and criminal-street-gang enhancements. No meritorious issues have been identified following a review of the record by Hunter's appointed counsel and our own independent review of the record and analysis of the contentions presented by Hunter in a typed supplemental brief. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Information*

An information charged Hunter with three counts of second degree robbery (Pen. Code, § 211).[1] As to all counts it was specially alleged Hunter had personally used a firearm (§ 12022.53, subd. (b)), a principal was armed with a firearm (§ 12022.53, subd. (b) and (e)(1)) and the crime was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). In addition the information specially alleged Hunter had suffered one prior serious or violent felony conviction for robbery within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and section 667, subdivision (a)(1), and had previously served one separate prison term for a felony (§ 667.5, subd. (b)). Represented by appointed counsel Hunter pleaded not guilty and denied the special allegations.[2]

2. *Hunter's Pretrial Motions*

Prior to trial Hunter moved on three separate occasions to have new appointed counsel (*People v. Marsden* (1970) 2 Cal.3d 118) and, when that request was denied, to represent himself (*Faretta v. California* (1975) 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562]). The trial court heard and denied each request.

The trial court granted Hunter's motion to bifurcate the trial of his prior conviction allegations.

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

[2] The trial court dismissed an additional count of attempted robbery in furtherance of justice on the People's motion.

3.  *Summary of Evidence Presented at Trial*

The primary issue at trial was whether Hunter had participated as an aider and abettor with codefendant Jaetae Williams in committing a series commercial robberies that occurred in close proximity on September 28, 2010.[3]

On the afternoon of the robberies Paramjit Kaur was working as a cashier at liquor store when two men, one armed with a gun, entered the store and demanded the money from the cash register. One man was wearing a gray hooded sweatshirt, and the other was wearing a black hooded sweatshirt. Kaur opened the cash register, and the men removed the money and left the store. Kaur telephoned the police and gave officers copies of the store surveillance videos, which were subsequently played for the jury. Kaur was unable to identify either of the robbers. Officers later searched Williams's house and found a gray hooded sweatshirt that matched the sweatshirt worn by one of the robbers.

The same afternoon Jorawar Singh was working as a cashier at a gas station when two men entered the convenience store and demanded money from the cash register. One man was wearing a black hooded sweatshirt and holding a gun; the other man was wearing a gray hooded sweatshirt. After the robbers fled with the money, Singh notified the police. Copies of the gas station's surveillance videos were played for the jury. Singh was unable to identify either of the robbers.

Later on September 28, 2010 Janell Morgan was working as a cashier at another gas station when two men, one wearing a black hooded sweatshirt and the other wearing a gray hooded sweatshirt, entered the store. The man in the black sweatshirt, who Morgan identified as Hunter, demanded the money from the cash register at gunpoint. After Morgan opened the cash register, the men removed the money and left the store. The gas station's surveillance videos were played for the jury.

Alec Call, who worked next to the gas station where Morgan was employed, saw two men wearing hooded sweatshirts arrive in a black sedan, park in the lot in front of his

---

[3]     Williams was charged as a codefendant and pleaded guilty prior to Hunter's trial.

office and walk to the gas station. Call wrote down the license plate number; drew the car's emblem, a Chevy Impala; and gave the information to the police.

Police officers located the sedan, which was owned by Dashawn Combs, and followed it to the Avalon housing projects. A search of Combs's residence uncovered a handwritten note with Williams's name on it.

After Hunter was arrested on October 18, 2010, Detective Keith Soboleski advised him of his rights to remain silent, to the presence of an attorney and, if indigent, to appointed counsel (*Miranda v. Arizona* (1966) 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694]). Hunter agreed to be interviewed. He initially denied knowing Williams but then admitted Williams was his godbrother. Hunter also admitted having associating with several members of the Avalon Garden Crips (A.G.C.) gang but denied he was a gang member.

Los Angeles Police Officer Armando Leyva testified as an expert on the A.G.C. gang. According to Leyva, the gang had approximately 160 members including Williams, Combs and Hunter, each of whom had admitted his gang membership to Leyva. The primary activities of the A.G.C. gang were robbery, assault with deadly weapons, burglary, kidnapping and homicide. Leyva described two robberies committed by A.G.C. members in 2009 and 2010. Hunter had A.G.C. gang tattoos on his shoulders. When presented with a hypothetical based on the facts of this case, Leyva opined the crimes would have been committed for the benefit of the A.G.C. gang and with the intent to promote future criminal conduct by A.G.C. gang members.

Hunter neither testified nor introduced other evidence in his defense.

4. *Verdict and Sentencing*

The jury found Hunter guilty on all counts and found true the personal firearm-use and criminal street gang enhancement allegations. Hunter waived his right to a jury trial and elected to have a bench trial on the prior conviction allegations. Following the bench trial the court found true the prior strike conviction as alleged in the information but found not true the prior prison term allegation.

4

The court sentenced Hunter to an aggregate state prison term of 48 years 4 months:  On count 2, six years (the middle term of three years doubled under the three strikes law) for second degree robbery, plus 10 years for the criminal street gang enhancement, plus 10 years for the firearm-use enhancement; on each of counts 3 and 4, a consecutive term of two years (one-third the middle term of three years doubled under the three strikes law) for second degree robbery, plus one-third of 10 years for the criminal street gang enhancement, plus one-third of 10 years for the firearm-use enhancement.  The court also imposed a five-year term for the prior serious felony enhancement.  The court awarded Hunter presentence custody credit of 753 days (655 actual days and 98 days of conduct credit).  The court ordered Hunter to pay a $40 court security fee and a $30 criminal conviction assessment on each count and a $200 restitution fine.  The court imposed and suspended a parole revocation fine pursuant to section 1202.45.

5. *Hunter's Attempts To Address the Jury*

Just before closing arguments Hunter attempted to address the jury regarding the testimony of one of the People's witnesses allegedly contradicted by statements in the police report.  The trial court refused to allow Hunter to speak to the jury noting he had elected not to testify.  However, the court told Hunter he could bring the police report containing the purported contradictory statements to the next court hearing.

The following day the jury announced it had reached a verdict.  As the verdicts were being read, Hunter spoke to the jury.  After being ordered by the trial court to stop, Hunter was removed from the courtroom for ignoring the order and continuing to address the jury.  Once the jury was excused, the trial court informed Hunter of the verdicts and asked him about the police report he had intended to bring to court.  Hunter responded he did not have the police report and said the copy defense counsel gave him did not match his own copy.  The court then told Hunter he could bring his copy of the report to the sentencing hearing.  The record does not indicate Hunter produced the report at the sentencing hearing.

**DISCUSSION**

We appointed counsel to represent Hunter on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On January 16, 2013 we advised Hunter he had 30 days within which to personally submit any contentions or issues he wished us to consider. We granted Hunter two extensions of time and received a typed, 76-page supplemental brief, including exhibits, in which he challenged his conviction on a number of grounds.[4]

To the extent they can be understood, Hunter's claims are he was deprived of his right to a jury trial on his prior conviction allegations; the expert witness's testimony Hunter was a gang member was inadmissible hearsay; the prosecutor improperly excluded qualified jurors based on race, influenced the testimony of the robbery victims and tampered with the evidence; the jury was biased and engaged in misconduct; his defense counsel rendered ineffective assistance; and his convictions were not supported by substantial evidence.

After considering Hunter's claims, we conclude they are without merit. Hunter waived his right to a jury trial in favor of a bench trial on his prior conviction allegations; and, in any event, a bench trial on prior conviction allegations is not unconstitutional. (*Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 [120 S.Ct. 2348,147 L.Ed.2d 435].) Officer Leyva's testimony Hunter had admitted his gang membership during an interview was not inadmissible hearsay. (See Evid. Code, § 1220.) There is no transcript of the jury voir dire in the record on appeal to review for racially motivated peremptory challenges. (See *Batson v. Kentucky* (1986) 476 U.S. 79 [106 S.Ct. 1712, 90 L.Ed.2d

---

[4] Hunter captioned his submission "Appellant's Opening Brief Is Now Being Amended With His Supplemental Claims." In his opening paragraph Hunter requests this court "immediately issue a writ of habeas corpus ordering petitioner's forwith [*sic*] and unconditional release [from custody]." We deem Hunter's filing a supplemental brief. To the extent he relies on matters outside the record on appeal in making certain claims (for example the People's alleged failure to produce material exculpatory information), Hunter should file a proper petition for writ of habeas corpus in the trial court.

69].)  Having failed to complain of prosecutorial misconduct at trial, Hunter has forfeited the issue on appeal.  (*People v. Samayoa* (1997) 15 Cal.4th 795, 841.)  In any event, nothing in the record indicates the prosecutor committed misconduct at any point during the trial court proceedings.  (*People v. Avila* (2009) 46 Cal.4th 680, 711.)  The record also fails to demonstrate the jury was biased or engaged in any misconduct (*In re Boyette* (2013) 56 Cal.4th 866, 888-898) or defense counsel provided ineffective assistance.  (*Strickland v. Washington* (1984) 466 U.S. 668, 686 [104 S.Ct. 2052, 80 L.Ed.2d 674].)  Finally, substantial evidence supported his robbery convictions (see *People v. Bolin* (1998) 18 Cal.4th 297, 331).

We have examined the entire record and are satisfied Hunter's counsel has complied fully with his responsibilities and no arguable issues exist.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.


PERLUSS, P. J.


We concur:


WOODS, J.


ZELON, J.


7